**HOLLAND CONSTRUCTION COMPA-
NY, Inc., a Kansas Corporation,
Plaintiff,**

v.

**The INTERNATIONAL UNION OF OP-
ERATING ENGINEERS, HOISTING &
PORTABLE LOCAL UNION NO. 101,
Dan E. Sullivan, President-Business
Manager, and John Doe, Agent for said
Union, Defendants.**

No. KC–3141.

United States District Court,
D. Kansas.

July 28, 1970.

Wilson E. Speer, Hackler, Anderson, Londerholm, Speer & Vader, Overland Park, Kan., and James R. Willard, Spencer, Fane, Britt & Browne, Kansas City, Mo., for plaintiff.

James H. Barnes, Kansas City, Kan., and John J. Manning, Kansas City, Mo., for defendants.

MEMORANDUM OF DECISION

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action by an employer against a union to enjoin breach by the union of a "no-strike" clause contained in their collective bargaining agreement. Suit was initially filed by the employer in the District Court of Johnson County, Kansas, but was removed to this court by the defendants under the provisions of 28 U.S.C. § 1441(a) and (b). Before the case was removed, the state court issued a temporary restraining order forbidding picketing by union members at the employer's place of business or at its jobsites. The union has now moved for dissolution of this order upon the basis that the Norris-LaGuardia Act (29 U.S.C. § 104 et seq.) precludes this court from granting, or continuing in effect, an injunction in a labor dispute. That motion is now before the court for determination.

The Supreme Court of the United States recently considered a situation almost identical to our own in Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L. Ed.2d 199 (June 1, 1970). The Court overruled Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.

2d 440 (1962), one of the cases upon which the union principally relies in support of its motion, and held that in certain limited situations, a district court may grant an injunction in a labor dispute despite the apparent prohibition contained in the Norris-LaGuardia Act. The following excerpt from the opinion of Mr. Justice Brennan, writing for the majority, sets forth the guidelines to be observed by a district court in determining whether injunctive relief is appropriate:

" * * * We deal only with the situation in which a collective bargaining contract contains a mandatory grievance adjustment or arbitration procedure. Nor does it follow from what we have said that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance. The dissenting opinion in *Sinclair* suggested the following principles for the guidance of the district courts in determining whether to grant injunctive relief—principles which we now adopt:

" 'A District Court entertaining an action under § 301 may not grant injunctive relief against concerted activity unless and until it decides that the case is one in which an injunction would be appropriate despite the Norris-LaGuardia Act. When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. Beyond this, the District Court must, of course, consider whether issuance of an injunction would be warranted under ordinary principles of equity—whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the

employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance.' "

The facts appearing from the exhibits and alleged in the complaint to have occurred in our case are that an agent of the union telephoned an employee of the plaintiff on or about April 13, 1970, and demanded that plaintiff employ three new and additional (union) employees at one of its asphalt plants. The employer refused to accede to this demand and subsequently a picket appeared at the employer's place of business with a sign announcing that plaintiff had violated its contract with the union. Due to the presence of the picket, plaintiff's employees refused to cross the picket line, as did employees of plaintiff's subcontractors, thereby causing disruption of plaintiff's business.

■ ■ A copy of the collective bargaining agreement between the parties was tendered by the defendants in connection with their petition for removal. Article XV of the agreement contains a "mandatory grievance adjustment or arbitration procedure" within the meaning of *Boys Markets, Inc.* I believe that an injunction is warranted under ordinary principles of equity, because picketing or a strike will cause irreparable injury to the employer, and because the employer would suffer more from dissolution of the injunction than would the union from its continuance. Upon applying the *Boys Markets* guidelines to our case, I hold that the defendants' motion to dissolve must be denied, subject, however, to a condition. One clear mandate which appears in *Boys Markets* is that the employer should be ordered to arbitrate, as a condition of obtaining an injunction, assuming the other criteria favoring an injunction are also present. In fact, one of the reasons the Court held in *Boys Markets* that the Norris-LaGuardia Act did not preclude the issuance of an injunction in situations such as ours is that "the union is not deprived of any practicable means of pressing its claims, but is only required

to submit the dispute to the impartial tribunal that it has agreed to establish for this purpose." (Footnote 22 of the opinion). I will therefore hold that the defendants' motion to dissolve the state court injunction be denied, conditioned upon the employer's willingness to arbitrate the dispute that precipitated the picketing.

Counsel for plaintiff will prepare an appropriate order, submit it to defendants' counsel for approval, and to the court for entry.